Jones, P. J.
This is an action on a promissory note payable to the Inman Co-operative Bank, in the amount of six thousand dollars. The note is a joint and several note, signed by the defendant, and secured by mortgage.
It is alleged in the declaration that there had been payments of principal and interest in the amount of $2335.96', leaving a balance due of $3664.04. The plaintiff’s writ is dated July 8,1938.
The defendant pleaded general denial and payment and set forth in her answer that the note was payable in monthly instalments, and alleged payment according to the terms thereof, and further answered that the plaintiff had not complied with the provisions of C. 170 of the General Laws, (Ter. Ed.) and amendments thereto, and that the full amount of the note was not due and payable at the time the action was begun.
It appeared in evidence that the plaintiff was the lawful successor to the Inman Co-operative Bank, the payee named! *13 in the note; and that the taxes due the City of Cambridge for the year 1936 in the amount of $360.45, and for the year 1937 in the sum of $348.45 were due and unpaid. On May 12, 1938, the plaintiff wrote the defendant that the taxes were overdue upon the property included in the mortgage and asked to have the defendant call at the bank on May 16, 1938 regarding the arrears in the taxes. On June 18, 1938 a letter was written by the bank to the defendant that the 1936 and 1937 taxes on the property were in arrears and
“if these arrears are not fully paid within twenty-one days from this date, the Directors have the right, and probably will begin foreclosure proceedings, first declaring forfeited the shares held as collateral, in accordance with the statute; and crediting them upon the loan, at the value specified by law.”
The plaintiff’s Board of Directors had, on June 9, 1938, voted to foreclose the mortgage. On July 15,1938, the foreclosure notice having been duly published, the property in question was sold at foreclosure sale for one thousand dollars, which was credited on the loan. The value of the shares at that date was $598. and was credited upon the loan on August 11, 1938. The balance due on that date was $2656.09. It was undenied that on July 8, 1938 the only amount due upon the note, according to its terms and reduction, was a single payment of $41.48.
As stated before, the writ in this case was dated July 9, 1938. In order to find the true maturity date of the note in suit, it is necessary to refer to G. L. (Ter. Ed) c. 170, §32, which provides that
“If a borrower is in arrears for dues, interest, premium or fines for more than four months, or commits any other breach of the conditions of a mortgage, the directors may, after twenty-one days’ notice, mailed to *14 the last known address of the borrower, declare the shares forfeited if the arrears then remain unpaid or such breach continues. The account of such borrower shall then be debited with the arrears of interest, premium and fines to the date of forfeiture, and the shares shall be credited upon the loan at their withdrawal value. The balance of the account shall immediately become due and payable, and may, and after six months shall, be enforced against the security, and be recovered, together with interest thereon, as all debts are recovered at law. ’ ’
This provision of the statute governs and controls the terms of the mortgage and note given, and although the mortgage provides that the same, in relation to taxes, shall be subject to the statutory Co-operative Bank mortgage condition, which covers an obligation to pay the taxes and also provides that for any breach of which the mortgagee shall have the statutory Co-operative Bank power of sale, yet these conditions in the mortgage are governed by the provisions of §32, c. 170, which are recited above. Consequently, although the plaintiff bank did pursue the correct course of giving twenty-one days’ notice provided for in §32 above, on the ground that the defendant had committed a breach of the condition of the mortgage by the non-payment of taxes, under the same §32 it seems to use that it was. compelled and obliged to wait the full twenty-one days after giving the notice above referred to, before foreclosing the mortgage.
The effect of this statute and the notice given thereunder,, therefore, is to make the maturity date under the mortgage in question, twenty-one days after the giving of the notice aforesaid. In fact, the very notice of June 18th in evidence states the right of the bank correctly. It consequently follows that the bank cannot recover on the note in this action because the action was prematurely commenced before the *15 twenty-one days in question. The time to state the account between the parties is after the expiration of said twenty-one days, and it is then that the plaintiff can recover the balance due, either by a foreclosure of the mortgage or by an action at law. This requirement of twenty-one days is referred to in Merchants Co-operative Bank vs. Pasqualucci, 289 Mass. 339, where the statute is cited, and it was so held (page 346 of the same) as a requirement of law that the bank should give twenty-one days’ notice to defendant under G. L. §32, c. 170, because, as it there stated, such a note as the one here considered given to a Co-operative Bank, is payable in instalments; and the loan, as a whole, does not become due and payable until after the shares pledged as collateral have been forfeited, their value credited, and a balance struck, as required by G. L., c. 170, §32.
In the present action, therefore, we are constrained to find that all the plaintiff is entitled to recover is the payment due at date of writ, the sum of forty-one and 48/100 ($41.48) dollars, as offered by the defendant.
And the defendant’s second request reading as follows:
“2. The loan as a whole did not become due and payable until after the shares pledged as collateral had been forfeited, their value credited and a balance struck.”
should have been given.
We, therefore, find that judgment is to be entered for the plaintiff for forty-one and 48/100 ($41.48) dollars.